IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON DOUGLAS OMAN,
No. 27604-013,

Petitioner,

vs.  Case No. 14-cv-771-DRH

JAMES CROSS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Jason Douglas Oman, currently incarcerated in Greenville-Federal Correctional Institution, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner seeks to challenge the sentencing court's determination that his prior conviction for burglary of a commercial building would not qualify as a predicate offense for purposes of a career offender enhancement under U.S.S.G. § 4B1.1. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as

this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## Procedural History

On September 30, 2004, petitioner was found guilty of bank robbery under 18 U.S.C. §§ 2 and 2113(a) following a jury trial in the United States District Court for the District of Minnesota. (Doc. 1, p. 1). On February 11, 2005, petitioner was sentenced to 188 months imprisonment and three years supervised release. *Id*. Petitioner filed a timely appeal with the Eighth Circuit Court of Appeals. In that appeal petitioner raised the issue of whether his prior burglary of an unoccupied commercial building should have qualified as a predicate for sentencing enhancement under U.S.S.G. § 4B1.1. On November 2, 2005, the Eighth Circuit issued an opinion affirming the conviction and sentence. *Id*. Subsequently, petitioner filed a habeas petition with the United States District Court for the District of Minnesota. In this § 2255 petition, petitioner challenged his conviction on four grounds: 1) insufficient evidence; 2) evidentiary error; 3) prosecutorial misconduct; and 4) ineffective assistance of counsel. *Id*. at 2. This post-conviction appeal was denied on August 11, 2008. *Id*.

## The Habeas Petition

In the instant petition, filed on July 8, 2014, petitioner challenges the sentencing court's determination that his prior conviction for a burglary of a commercial building qualified as a predicate offense, which triggered the "career offender" enhancement under the sentencing guidelines. Petitioner maintains that

the sentencing court used the modified categorical approach when it made the determination that the prior conviction qualified as a predicate offense. Petitioner argues that the United States Supreme Court's decision in *Descamp v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013) bars this approach. In light of the Court's holding in *Descamp*, petitioner insists that his prior conviction should not have been used to enhance his present sentence.

Furthermore, relying on *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013), petitioner asserts that he may bring this claim under the "savings clause" of 28 U.S.C. § 2255(e) because *Descamp* establishes that he is actually "innocent of this non-qualifying enhancement." (Doc. 1, p. 3).

## Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to § 2255 in the court that sentenced him. Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a

miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

With these conditions in mind, the Court turns its attention to *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), the case cited by petitioner as grounds for this § 2241 petition. The Court in *Descamps* held that the defendant should not have been subject to a career criminal enhancement where his previous California burglary conviction was for violating a statute that criminalized conduct beyond the "generic" elements of the crime of burglary (unlawful entry into a building with the intent to commit a crime). *Descamps* is a new statutory interpretation case, but it does not represent a change in the law that has any relevance to petitioner's circumstances. The Court in *Descamps* reiterated the "categorical approach" analysis outlined in *Taylor v. United States*, 495 U.S. 575 (1990), which has been the rule since well before petitioner's conviction and sentencing.

Moreover, even if *Descamps* did adopt a new rule of law, the new law has not been made retroactive by the Supreme Court. For the savings clause to apply to his sentencing claim, petitioner must show that the relevant Supreme Court precedent applies retroactively to cases on collateral review.[1] *See In re Davenport,* 147 F.3d at 611. To date, the Supreme Court has not made *Descamps* retroactive on collateral review. *See Groves v. United States*, ––– F.3d –––, 2014 WL 2766171 *4 (7th Cir. June 19, 2014). For these reasons, petitioner

---

[1] Petitioner cites *Brown v. Caraway* in support of his contention that this matter is properly brought under § 2241. The petitioner in *Brown*, however, relied upon *Begay v. United States*, 553 U.S. 137 (2008), a retroactive Supreme Court decision. Therefore, *Brown* is distinguishable from the case at hand.

has failed to show that the savings clause is applicable to this claim. His § 2241 petition shall be dismissed.

## Disposition

As discussed above, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claim, and consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice. The Court offers no opinion regarding the merits of a possible successive § 2255 motion.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[2] It is not necessary for

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: July 29, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.07.29
10:10:46 -05'00'

**Chief Judge**
**United States District Court**