IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON DOUGLAS OMAN,
No. 27604-013,

Petitioner,

vs.                                           Case No. 14-cv-771-DRH

JAMES CROSS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

In an order dated March 23, 2015, this Court stayed proceedings in this case pending a decision by the United States Supreme Court in the case *Johnson v. United States*. (*See* Doc. 7). On June 24, 2015, in a 6-3 opinion, the high Court held that the residual clause of the Armed Criminal Career Act is unconstitutionally vague and, thus violates due process.[1]  *See Johnson v. United States*, No. 13-7120, 2015 WL 2473450 (U.S. June 26, 2015). Now that the Supreme Court has reached a decision, the **STAY** is **LIFTED** and the case may proceed.

---

[1] Petitioner's sentence was enhanced under the career offender provision of the United States Sentencing Guidelines. *See* U.S.S.G. § 4B1.2(a). Nonetheless, the Supreme Court's holding regarding the Armed Criminal Career Act is almost certainly applicable to the career offender guidelines. *See United States v. Hampton,* 675 F.3d 720, 730 (7th Cir. 2012) ("The definition of 'crime of violence' in the career-offender guidelines is almost identical to the definition of 'violent felony' in the ACCA; therefore, our case law interpreting the two definitions is interchangeable.").

Now pending before the Court is petitioner's Motion to Alter or Amend Judgment (Doc. 6) from the Court's July 29, 2014 Order (Doc. 4) dismissing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. As the Court previously discussed in its Order staying this case (Doc. 7), petitioner's reliance on *Descamp v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013) is likely misplaced since it appears that the sentencing court and the Eighth Circuit determined that petitioner's prior conviction for aiding and abetting third degree robbery was a crime of violence pursuant to the *residual clause* of the career offender definition under section 4B1.2(a) of the United States Sentencing Guidelines. *See United States v. Oman*, 427 F.3d 1070, 1076 (8th Cir. 2005). In affirming the sentencing court's determination, the Eighth Circuit cited prior Eighth Circuit cases, which have held "since burglary always creates a 'serious potential risk of physical injury to another,' it qualifies as a crime of violence." *United States v. Mohr*, 407 F.3d 898, 901 (8th Cir. 2005) (quoting *United States v. Hascall*, 76 F.3d 902, 905 (8th Cir.1996)). Nonetheless, the Court is persuaded that petitioner may be entitled to relief following the Supreme Court's recent decision in *Johnson*.

Accordingly, the Court **GRANTS** petitioner's Motion to Amend or Alter Judgment (Doc. 6); **VACATES** the order dismissing the habeas petition (Doc. 4) and the judgment (Doc. 5) in this case; and **DIRECTS** the Clerk to reopen this case.

Under the circumstances, the Court concludes that petitioner's request for habeas relief warrants immediate attention. Therefore, in the interest of expediency and, most importantly, justice, it is **HEREBY ORDERED** that **ON OR BEFORE JULY 21, 2015** respondent shall brief the following two issues for the Court: First, what impact, if any, does *Johnson* have on petitioner's current sentence? And second, is the Southern District of Illinois a proper venue to resolve petitioner's request for relief or should this matter be transferred to the district court where petitioner was sentenced? This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 9 Executive Drive, Fairview Heights, Illinois 62208, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.

**IT IS SO ORDERED.**

**DATED: July 7, 2015**

Digitally signed by David R. Herndon
Date: 2015.07.07 12:19:12 -05'00'

_____
**United States District Judge**