IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON DOUGLAS OMAN,
No. 27604-013,

Petitioner,

vs.                                                              Case No. 14-cv-771-DRH

JAMES CROSS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On July 7, 2015, the Court ordered respondent to brief the threshold question of whether a request for habeas relief based on the United States Supreme Court's holding in *Johnson* could be properly raised in a motion filed pursuant to 28 U.S.C. § 2241. *See* Doc. 8. Now before the Court is respondent's brief, which includes a motion to dismiss petitioner's habeas petition. *See* Doc. 20. In light of the government's response and recent decisions in the Seventh Circuit, the Court has reached the conclusion that a habeas petition filed pursuant to 28 U.S.C. § 2241 is not the appropriate vehicle to pursue relief based on *Johnson*. As such, respondent's motion to dismiss (Doc. 20) shall be **GRANTED** and petitioner's habeas petition (Doc. 1) shall be **DISMISSED**.

## Procedural History

On September 30, 2004, petitioner was found guilty of bank robbery under 18 U.S.C. §§ 2 and 2113(a) following a jury trial in the United States District

Court for the District of Minnesota. Doc. 1, p. 1. On February 11, 2005, petitioner was sentenced to 188 months imprisonment and three years of supervised release. *Id.* Petitioner filed a timely appeal with the Eighth Circuit Court of Appeals. In that appeal petitioner raised the issue of whether his prior burglary of an unoccupied commercial building should have qualified as a predicate for sentencing enhancement under U.S.S.G. § 4B1.1. On November 2, 2005, the Eighth Circuit issued an opinion affirming the sentencing court's determination that petitioner's prior conviction for aiding and abetting third degree burglary qualified as a predicate offense for purposes of U.S.S.G. § 4B1.2(a), the sentencing guidelines career offender statute. *See United States v. Oman*, 427 F.3d 1070, 1076 (8th Cir. 2005). In affirming the sentencing court's determination, the Eighth Circuit cited prior Eighth Circuit cases, which have held "since burglary always creates a 'serious potential risk of physical injury to another,' it qualifies as a crime of violence." *United States v. Mohr*, 407 F.3d 898, 901 (8th Cir. 2005) (quoting *United States v. Hascall,* 76 F.3d 902, 905 (8th Cir.1996)).

Subsequently, petitioner filed a § 2255 habeas petition with the United States District Court for the District of Minnesota challenging his conviction on alternative grounds. *Id.* at 2. Petitioner's post-conviction appeal was denied on August 11, 2008. *Id.*

On July 8, 2014, petitioner filed a habeas petition in this Court pursuant to 28 U.S.C. § 2241 challenging, once again, the sentencing court's determination

that his prior conviction for a burglary of a commercial building qualified as a predicate offense for purposes of the career offender sentencing guidelines based on the United States Supreme Court's decision in *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013). *See* Doc. 1. In an Order denying the petition, the Court found that petitioner was not entitled to relief under § 2241 because *Descamps* was not a new statutory-interpretation case made retroactive on collateral review. *See* Doc. 4. Petitioner then filed a motion to alter or amend judgment. *See* Doc. 6. Cognizant that the United States Supreme Court was considering arguments in a case, *Johnson v. United States*, 135 S. Ct. 939 (2015), that might impact petitioner's case, the Court stayed petitioner's motion to alter or amend judgment.

Following the Supreme Court's decision in *Johnson v. United States*, ––– U.S. –––, 135 S.Ct. 2551, 2557 (Jun. 26, 2015), which invalidated the residual clause of the Armed Criminal Career Act, this Court lifted the stay in this case and ordered respondent to brief the issue of whether *Johnson* entitled petitioner to seek relief under § 2241.

On September 4, 2015, respondent filed a response and a motion to dismiss petitioner's habeas petition. *See* Doc. 20. Respondent argues that petitioner has failed to demonstrate that § 2255 is "inadequate or ineffective" to test the legality of his sentence, and therefore his § 2241 petition is procedurally barred. After careful consideration, the Court agrees.

## **Discussion**

Federal prisoners, like petitioner, who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir.2012). Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he

must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Petitioner has failed to satisfy the first condition. On August 4, 2015, the Seventh Circuit concluded that *Johnson* announces a new substantive rule of *constitutional law* that is retroactively applicable in a collateral attack on a final conviction. *See Price v. United States,* 795 F.3d 731, 734 (7th Cir. Aug.4, 2015). Based on this conclusion, the Seventh Circuit granted the petitioner in *Price* permission to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(h). *See Price,* 795 F.3d at 734-35. A second or successive § 2255 petition is allowed when the appropriate court of appeals certifies that the petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). This seems to suggest that § 2255 cannot be said to be inadequate or ineffective to test the legality of the petitioner's conviction and sentence and, therefore, the need and the opportunity to use the savings clause under 28 U.S.C. § 2255(e) is extinguished. As such, petitioner's § 2241 petition shall be **DISMISSED** with prejudice.

If petitioner decides to pursue relief under § 2255, he is advised that because he previously filed a § 2255, he, like the petitioner in *Price*, would need to seek permission to file a second or successive § 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced. *See* 28 U.S.C. § 2244(b)(3). In his case, since he was convicted in the District of Minnesota, he must apply to the Eighth Circuit.

Finally, petitioner should note that the one-year period prescribed by 28 U.S.C. 2255(f)(3) for filing a § 2255 motion runs from the date of the Supreme Court's ruling initially recognizing the right asserted, *not* from the date the newly recognized right was found to be retroactive. *Dodd v. United States,* 545 U.S. 353, 357 (2005).

## Disposition

As discussed above, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claim, and, therefore, consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, respondent's motion to dismiss (Doc. 20) shall be **GRANTED** and petitioner's habeas petition (Doc. 1) shall be **DISMISSED**

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If

petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under §2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 11, 2015**

Digitally signed by David R. Herndon
Date: 2015.09.11 15:49:28 -05'00'

**United States District Judge**